UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.     CV 10-02751-VBF-man            Dated:      June 18, 2013

Title:     *Steven Allen Craner, Petitioner v. John Marshall (Warden), Respondent*

PRESENT:     HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Linda Kanter | N/A |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:     ATTORNEYS PRESENT FOR RESPONDENT:

N/A     N/A

**PROCEEDINGS (IN CHAMBERS):**     **ORDER ADOPTING THE REPORT AND RECOMMENDATION WITH A CLARIFICATION, and DENYING THE HABEAS CORPUS PETITION**

**The Court will adopt the well-reasoned Report and Recommendation and deny the section 2254 habeas corpus petition, with a clarification. The clarification implements an additional basis for dismissal, namely, the Supreme Court has never held that California has created a liberty interest in parole.**

The Magistrate Judge reasonably concludes that to the extent that petitioner's subclaims directly or indirectly challenge the substance of the parole board's decision or its compliance with state law, the claims are not cognizable on federal collateral review. As the Magistrate notes, the Supreme Court has held that when state law creates a liberty interest in parole, the existence of such an interest does not give rise to any *federal* right to be paroled. *See* R&R at 11 (citing *Swarthout v. Cooke*, – U.S. –, 131 S. Ct. 859 (2011) (per curiam) ("*Cooke*") and *Roberts v. Hartley*, 640 F.3d 1042, 1045-46 (9th Cir. 2011) (explaining *Cooke*)). "Rather, the federal due

MINUTES FORM 90                                                   Initials of Deputy Clerk ___Lk___
CIVIL - GEN

process protection for such a state-created liberty interest is limited to whether 'the minimum procedures adequate for due-process protection of that interest' have been met, namely, whether the prisoner as given the opportunity to be heard and received a statement of the reasons why parole was denied." R&R at 11 (quoting *Cooke*, 131 S. Ct. at 862-63, and citing *Miller*, 642 F.3d at 716). The Supreme Court forcefully held that "it is no federal concern . . .whether California's 'some evidence' rule of judicial review (a procedure beyond that which the Constitution demands) was correctly applied." R&R at 12 (quoting *Cooke*, 131 S. Ct. at 863).

Nor is there any *substantive* due process right, under Supreme Court precedent, created by California's parole system. *See* R&R at 11 (citing *Styre*, 645 F.3d at 1108); *see, e.g., Parejo v. Frakes*, 2013 WL 2403257, *4 (W.D. Wash. May 31, 2013) (*Cooke* foreclosed § 2254 petitioner's claim that California state parole "Board violated his substantive due process rights when it relied on erroneous information, reinterpreted facts, and conspired to rewrite the facts so that subsequent panels would find that he is not eligible for parole").

Rather, a purely *procedural* due process assessment is "the beginning and the end of" federal habeas inquiry into whether a state's denial of parole violated the prisoner's federal constitutional right to due process. *See* R&R at 11 (citations omitted); *see, e.g., Branham v. Davison*, 433 F. App'x 491, 492 (9th Cir. 2011) (reversing grant of habeas relief) (applying *Cooke* to hold that inquiry ended as soon as evidence showed that petitioner had received the minimal procedural due process required by U.S. Constitution, i.e. notice and access to records in advance, an opportunity to be heard, and a statement of reasons for denial of parole). Significantly, *Cooke* rejected Circuit decisions which had held that compliance with California's "some evidence" standard was a "substantive federal requirement" under the federal Due Process Clause, R&R at 12 (citation omitted).

**The Magistrate Judge rightly concludes that claims 1-8, 9(a), and 10 are barred by *Cooke* because they essentially contend that California's "some evidence" standard for judicial review of parole decisions was not met by the evidence presented at his hearing, and violations of state law cannot supply the basis for federal habeas relief.** *See* R&R at 12-13 (citing *Cooke*, 131 S. Ct. at 862-63); *see also Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475 (1991) (citing *Lewis*, 497 U.S. at 783); *see, e.g., Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) ("Loftis cannot obtain federal habeas relief because the state trial court's failure to find a factual basis for his no-contest plea – unaccompanied by protestations of innocence – does not present a

constitutional issue cognizable under 28 U.S.C. § 2254.") (cites omitted), *pet. cert. filed* (U.S. May 17, 2013) (No. 12-10364); *Griffin v. Harrington*, – F. Supp.2d –, 2012 WL 5464609, *4 (C.D. Cal. Nov. 7, 2012) (Fairbank, J.) (petitioner's claim that the admission of unsworn testimony at his trial violated California Evidence Code was premised on a determination of state law and thus was not cognizable on federal habeas review).

The Magistrate next rightly concludes that claims 9(b) and 12-15 are arguably also foreclosed by *Cooke* to the extent they contend that the parole board's decision did not comply with California's "some evidence" standard, R&R at 13, and alternately, that said claims patently lack merit or evidentiary support, R&R at 13-20.

**However, the petition is subject to dismissal on another ground that arises "earlier" in the *Cooke* analysis than the Report's stated ground for dismissal:** *the United States Supreme Court has never held that the State of California has created a liberty interest in parole in the first place.* Only the Ninth Circuit has so held. This is fatal to petitioner's claims: under AEDPA a federal court collaterally reviewing a state-court decision on federal law measures the decision only for its compliance with the holdings of the United States Supreme Court – not Supreme Court dicta and not the holdings of lower courts. *See Cannedy v. Adams*, 706 F.3d 1148, 1156-57 (9th Cir. 2013) ("Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established *in the holdings of [the Supreme Court]*; or that it 'involved an unreasonable application' of such law . . . .") (quoting *Harrington v. Richter*, – U.S. –, 131 S. Ct. 770, 785 (2011)) (emphasis added); *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010) ("[C]learly established law" refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions" at the time the state court decided the matter); *see, e.g., Cass v. Woodford*, 432 F. Supp.2d 1061, 1073 (S.D. Cal. 2006) ("*Biggs* is a Ninth circuit case . . . . Consequently, *Biggs* does not provide a basis for this Court to grant federal habeas relief."), *aff'd o.g.*, 234 F. App'x 625 (9th Cir. 2007). **As for the existence of a liberty interest in parole created by California law, the Supreme Court has stated only the following:**

> As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived,

> and if so we ask whether the procedures followed by the State were constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 . . . (1989). Here, *the Ninth Circuit held that California law creates a liberty interest in parole*, *see* 606 F.3d, at 1213. While *we have no need to review that holding here*, it is a reasonable application of our cases. *See Board of Pardons v. Allen*, 482 U.S. 369, 373-381 . . . (1987); *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S.1, 12 . . . (1979).

*Cooke*, – U.S. at –, 131 S. Ct. at 861 (emphasis added). Other members of our court have correctly characterized what the Supreme Court held and did not hold in *Cooke*:

> In *Cooke*, the Court held that California's parole scheme does not create a right to parole under the federal Constitution. 131 S. Ct. at 862. Rather, any liberty interest in parole is only a state interest created by California law. *Id.* Therefore, *even if* a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled are the minimal procedural due process protections set forth in *Greenholtz . . . 442 U.S. 1, 16 . . .* (1979), that is, an opportunity to be heard and a statement of reasons for the denial. *Id.*

*Williamson v. Hartley*, 2011 WL 4434228, *2 (C.D. Cal. July 18, 2011), *R&R adopted*, 2011 WL 4434210 (C.D. Cal. Sept. 23, 2011) (emphasis added). As the italicized phrase "even if" indicates, the Supreme Court in *Cooke* expressly left open the question whether California has created a liberty interest in parole.

For AEDPA purposes, it is immaterial that, as the Ninth Circuit put it, "the Supreme Court [in *Cooke*] 'did not disturb our precedent that California law creates a liberty interest in parole.'" *Miller v. Oregon Bd. of Parole*, 642 F.3d 711, 715 (9th Cir. 2011) (quoting *Pearson v. Muntz*, 639 F.3d 1185 (9th Cir. 2011) (quoting *Cooke*, 131 S. Ct. at 861))**.** **Cooke's statement that it was a "reasonable application" of Supreme Court precedents for the Circuit to hold that California has created a federally constitutionally protectable**

**liberty interest in parole, was dictum. The Supreme Court wrote, later in that same sentence, "*we have no need to review that holding here . . . .*"** *Cooke*, – U.S. at –, 131 S. Ct. at 861 (emphasis added).

That is quintessential dictum, i.e., a statement that was "unnecessary to the court's holding." *See United States v. Mead Corp.*, 533 U.S. 218, 254, 121 S. Ct. 2164, 2185 (2001) (Scalia, J., dissenting o.g.); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 733, 746 n.6, 119 S. Ct. 1624, 1656 n.6 (1999) ("[T]he quoted statement is the equivalent of dictum since it is not necessary to the reasoning in favor of granting the writ.") (Souter, J., concurring in part & dissenting in part, joined by three JJ.); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 51 n.5, 119 S. Ct. 936, 956 n.5 (1999) ("Notwithstanding the usefulness of addressing the parties' arguments, a line of argument unnecessary to the decision of the case remains dictum.") (citing *United States v. Dixon*, 509 U.S. 688, 706, 113 S. Ct. 2849 (1993)). Likewise, our Circuit "'describe[s] discussions that are unnecessary to a decision as dicta.'" *United States v. Anekwu*, 695 F.3d 967, 975 (9th Cir. 2012) (quoting *Barapind v. Enomoto*, 400 F.3d 744, 759 (9th Cir. 2005) (*en banc*) (per curiam)), *cert. denied*, – U.S. –, – S. Ct. –, 2013 WL 1687219 (U.S. May 13, 2013) (Nos. 12-9768 and 12A862).

Indeed, the *Cooke* language characterizing the Circuit's holding as "a reasonable application" of Supreme Court precedent "could be excised from the . . . decision without having any effect on its holding – a classic example of dicta." *Flores-Gonzales v. Long*, 2013 WL 1164400, *4 n.5 (C.D. Cal. Mar. 20, 2013) (John Walter, J.) (citations omitted). A "holding", by contrast, "include[s] the final disposition of a case as well as the preceding determinations '*necessary* to that result[].'" *Tyler v. Cain*, 533 U.S. 656, 663 n.4, 121 S. Ct. 2478, 2482 n.4 (2001) (quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67, 116 S. Ct. 1114 (1996)) (emphasis added); *see also United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 463 n.11, 113 S. Ct. 2173 (1993) (emphasizing "the need to distinguish an opinion's holding from its dicta").

While "considered dicta from the Supreme Court" is accorded deference in other contexts, *see United States v. Augustine*, 712 F.3d 1290, __ (9th Cir. 2013), dicta carries *no* weight when a federal habeas court reviews a state-court decision under AEDPA. A state court's ruling contrary to or unreasonably applying Supreme Court dicta cannot furnish the basis for federal habeas relief on a petition governed by AEDPA. *See Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013) ("Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision.'") (quoting

*Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 1172 (2003)), *cert. denied*, – U.S. –, 133 S. Ct. 1831 (2013); *see, e.g., Montiel v. Evans*, 2011 WL 1135336, *8 n.7 (C.D. Cal. Mar. 2, 2011) ("As there is no Supreme Court holding, as opposed to dicta, that supports petitioner's argument, it cannot serve as a basis for federal habeas relief.") (citing *Williams*, 529 U.S. at 412 ), *R&R adopted*, 2011 WL 1154249 (C.D. Cal. Mar. 24, 2011) (Carter, J.).

**With no Supreme Court holding that California created a liberty interest in parole, the analysis ends at the first** *Cooke* **criterion.** A Ninth Circuit panel appeared to recognize this, albeit with little discussion, in *Snider v. Curry*, 442 F. App'x 255 (9th Cir. 2011). There, the district court denied a section 2254 petition which claimed that "California Penal Code section 3041 creates a federally protected liberty interest in parole and that the Board's failure to set a parole date . . . violated his federal constitutional rights." *Id.* at 256. The *Snider* panel denied a COA because the petitioner had not even "made a substantial showing of the denial of a federal constitutional right." *Id.* Likewise here, because petitioner has not met the first *Cooke* criterion for AEDPA purposes – a United States Supreme Court *holding* that California has created a liberty interest in parole – this habeas court need not reach the stage where it would assess whether the State afforded petitioner procedural due process adequate under the U.S. Constitution before depriving him of that putative liberty interest.

## ORDER

The Report and Recommendation is **ADOPTED** as clarified.

The habeas corpus petition is **DENIED**.

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[1]

---

[1] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion stating, "The Court will issue a separate Judgment as required by Rule 58(a)."); *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1)."); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[T]he district court failed to issue . . . a separate judgment on the order granting . . . summary judgment, as was required, *see* FED. R. CIV. P. 58(a)(1) . . . .").

This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[2]

IT IS SO ORDERED.

---

[2] *See Korn v. United States*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012). FED. R. APP. P. 22(b)(1) provides *inter alia* that "[i]f the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it."

MINUTES FORM 90         Initials of Deputy Clerk    Lk
CIVIL - GEN